# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV

MAY 1 9 2005

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                   Criminal Action No. 5:03CR21
                                   (Judge Stamp)

JASON HABER,

      Defendant.

## ORDER DENYING MOTION FOR SENTENCE MODIFICATION

On February 24, 2005, the Court received from the defendant, Jason Haber, a letter titled

"Dismissal of Unconstitutional Enhanced Sentence" asserting that his sentence is unconstitutional

under United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005).[1] By Order entered on March 22,

2005, the Court ordered the letter filed as a Motion for Sentence Modification and ordered the

Government to respond to the motion. On April 7, 2005, the Government filed a response to the

defendant's motion. On April 25, 2005, the defendant filed a response to the Government's response.

This matter has been fully briefed and is now ripe for review.

On August 22, 2003, the defendant signed a plea agreement in which he agreed to pled guilty

to conspiracy to distribute heroin in violation of 21 U.S.C. §§846 and 841(b)(1)(C). In the

agreement, the defendant stipulated to the amount of relevant conduct and to a firearm enhancement

---

[1] In Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

under U.S.S.G. §2D1.1. On September 8, 2003, the defendant entered his plea in open court.

On March 22, 2004, the Court sentenced the defendant to 51 months incarceration. In sentencing the defendant, the Court enhanced his sentence by two levels under U.S.S.G. §2D1.1 for possession of a firearm. The defendant did not appeal his conviction and sentence nor has the defendant filed a motion pursuant to 28 U.S.C. §2255.

Now, the defendant asserts in his Motion for Sentence Modification that the enhancement under U.S.S.G. §2D1.1 violates Booker. The Government asserts that the defendant has actually filed a motion pursuant to 28 U.S.C. §2255 "merely disguised with another name." The Government further asserts that the defendant is entitled to no relief under Booker because (1) he stipulated to the firearm enhancement; (2) the claim is barred by the defendant's waiver in his plea agreement of his right to collaterally attack his sentence; and (3) Booker does not apply retroactively to cases on collateral review.

In his response to the Government's response, the defendant challenges his enhancement because "there is no independent evidence of possession of a firearm during drug trafficking offense," and stipulations are non-binding on the Court. The defendant further alleges that he "knowingly agreed with the two (2) point enhancement because defendant's attorney and the U.S. Assistant Attorney assured defendant that upon his completion of the Drug Program he would receive a one (1) year sentence reduction. Defendant believed at that time that this one (1) year reduction would come from his sentencing judge. If defendant had known that the Bureau of Prisons (BOP) was responsible for this one (1) year reduction and that with a firearm enhancement defendant was ineligible for the one (1) year reduction, Defendant would have never stipulated to the two (2) point enhancement for the firearm." He further asserts that he has not filed a collateral attack to his

sentence.

Because the defendant has explicitly stated that he is not collaterally attacking his sentence, the Court has not recharacterized his motion as one filed pursuant to 28 U.S.C. §2255.[2] Instead, the Court has considered the motion as one filed pursuant to 18 U.S.C. §3582(c).

The Court is only allowed to modify a sentence in limited circumstances. Specifically, 18 U.S.C. §3582(c) provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction; or
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> **(2)** in the case of a defendant who has been sentenced to a term of

---

[2]The Court recognizes that pursuant to <u>Castro v. United States</u>, 540 U.S. 375 (2003) and <u>United States v. Emmanuel</u>, 288 F.3d 644, 649 (4th Cir.2002), prior to recharacterizing a defendant's motion, a district court is required to give the defendant notice of its intent to recharacterize the motion, warn him that the effect of the recharacterization is that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, advise him of the one-year statute of limitations and the four dates in §2255 which begin the statute of limitations, and provide him with an opportunity to withdraw or amend the motion.

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)[3] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court notes that the Director of the Bureau of Prisons has not moved to reduce the defendant's sentence, thus precluding modification under 18 U.S.C. § 3582(c)(1)(A).

Further, the Court may not modify the defendant's sentence under Federal Rule of Criminal Procedure 35. Rule 35 allows a court to correct a defendant's sentence where (1) within 7 seven days after sentencing, the correction addresses an arithmetical, technical, or other clear error (Rule 35(a)); or (2) upon the Government's motion for substantial assistance (Rule 35(b)). The

---

[3] 18 U.S.C. § 3553(a) states that the court shall consider:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Government has not moved to reduce the defendant's sentence, more than 7 days have passed since the imposition of defendant's sentence on March 22, 2004, [4] and the defendant does not complain of any arithmetical, technical, or other clear error in his sentence. Thus, Rule 35 does not apply, and the Court is precluded from modifying the defendant's sentence under 18 U.S.C. §3582(c)(1)(B).

Further, the Court is precluded from modifying the defendant's sentence under 18 U.S.C. §3582(c)(2) because there has been no amendment to the sentencing guidelines which would justify a sentence reduction in this case. The Booker decision was not a decision from the Sentencing Commission, but a decision from the Supreme Court. Because the Sentencing Commission did not amend the guideline range, the defendant is not entitled to have his sentence modified. See United States of America v. Dorsey, 2005 WL 906356 (E.D.Pa. 2005); United States v. Gudino-Martinez, 2005 WL 1126840 (E.D.Wash.2005); United States v. Watson, 2005 WL 1106604 (E.D.Va. 2005).[5]

Moreover, while the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 2005 WL 535361 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, ___ F. 3d ___, 2005 WL 1155220 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the Court finds that the defendant is not entitled to have Booker applied retroactively to his sentence.

Accordingly, for the foregoing reasons, the Court **DENIES** the defendant's motion for

---

[4] The sentenced is imposed for Rule 35 purposes when it was "orally pronounced in open court." United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997).

[5] Pursuant to Fourth Circuit Local Rule 36(c), which disfavors citation of unpublished opinions, a copy of this unpublished opinion is attached.

modification of sentence.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the defendant and the United States

Attorney for the Northern District of West Virginia.

Dated: May ___18___, 2005

FREDERICK P. STAMP JR.
UNITED STATES DISTRICT JUDGE


**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Virginia.
UNITED STATES OF AMERICA, Plaintiff,
v.
Carol Henson WATSON, Jr., Defendant.
**No. 1:01CR187 (JCC).**

May 9, 2005.
Gregory Bruce English, English & Smith, Alexandria, VA, for Defendant.

Kimberly Riley Pedersen, United States Attorney's Office, Alexandria, VA, for Plaintiff.

*MEMORANDUM OPINION*

CACHERIS, J.

*1 This matter is before the Court on the defendant's **motion** for **modification** of **sentence** pursuant to 18 U.S.C. § 3582(c)(2). For reasons set forth below, the motion will be denied.

Defendant Carol Henson Watson, Jr. ("Watson") was indicted on two counts: Count I, distribution of cocaine base, a violation of 21 U.S.C. § 841(a)(1); and Count II, possession with intent to distribute 50 grams or more of cocaine base, a violation of 21 U.S.C. § 841(a)(1). On November 20, 2001, Watson pled guilty to Count II of the Indictment. Count I was dismissed.

On January 18, 2002, Watson was committed to the Bureau of Prisons for 151 months, five years supervised release, with a special condition of supervision that he participate in a program for substance abuse.

Watson's offense level of 31 and criminal history category of IV resulted in a guideline range of 151-188 months. Title 18, United States Code, section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) ... the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In regards to the Sentencing Commission lowering the sentencing range, 28 U.S.C. § 994(0) provides:

> The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to be warranted, and otherwise assessing the Commission's work.

The defendant's sentence was based upon sentencing guidelines set forth in section 2D1.1, Drug Quantity. The offense of conviction carried a 120 month mandatory minimum sentence. The Sentencing Guidelines range for drug offenses has not been lowered by the Sentencing Commission. Watson relies on *United States v. **Booker** and United States v.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Fanfan,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). These cases do not support his argument.

 The Supreme Court's holding in **Booker** provides that the Sentencing Guidelines are now advisory as opposed to mandatory and the court is required to consider the fectors set forth in 18 U.S.C. 3553(a). Were the Guidelines advisory at the time the Court sentenced Watson on November 20, 2001, the Court would have given him the same sentence as called for by the Guidelines.

**\*2** Accordingly, the defendant's motion will be denied.

2005 WL 1106604 (E.D.Va.)

### Motions, Pleadings and Filings (Back to top)

• 1:01CR00187 (Docket)

(May. 15, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy                                                                                      Page 1
2005 WL 1126840 (E.D.Wash.)
(Cite as: 2005 WL 1126840 (E.D.Wash.))

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Washington.
UNITED STATES OF AMERICA, Plaintiff,
v.
Gilberto GUDINO-MARTINEZ Defendant.
**No. CR-02-0279-EFS.**

May 12, 2005.
Pamela Jackson Byerly, Spokane, WA, for Plaintiff.

Amy M. Schwering, Spokane, WA, for Defendant.

ORDER DENYING DEFENDANT'S **MOTION** TO
**MODIFY** AND CORRECT **SENTENCE** UNDER 18
U.S.C. § 3582(c)(2)

SHEA, J.

*1 Before the Court is the Defendant's **Motion** to
**Modify** and Correct **Sentence** Under 18 U.S.C. §
3582(c)(2), (Ct.Rec.31), filed May 4, 2005. The
Defendant seeks a reduction of his term of
imprisonment on the grounds that his base offense level
was unconstitutionally enhanced by sixteen levels and
his criminal history score should not have been fifteen
points because such "enhancements" were not
submitted to a jury. After reviewing the motion, 18
U.S.C. § 3582, and relevant case law, the Court is fully
informed and denies the Defendant's motion

"The authority of district courts to correct or reduce
sentence is limited." See *United States v. Mullanix*, 99
F.3d 323, 324 (9th Cir.1996). Section 3582(c) of Title
18 provides:
  The court may not modify a term of imprisonment
  once it has been imposed except that-

(2) in the case of a defendant who has been sentenced
to a term of imprisonment based on a sentencing
range that has subsequently been lowered by the
Sentencing Commission pursuant to 28 U.S.C. §
994(o), upon motion of the defendant ..., the court
may reduce the term of imprisonment, after
considering the facts set forth in section 3553(a) to
the extent that they were applicable, if such a
reduction is consistent with applicable policy
statements issued by the Sentencing Commission.

The Defendant's sentencing guideline range, 77-96
months, was reached after considering the Defendant's
"Offense Level" and "Criminal History Category" under
the United States Sentencing Guidelines ("Guidelines")
Sentencing Table. The Court determined the
Defendant's Total Offense Level was 21, after
considering Guidelines § 2L1.2(a), which specifies that
the Base Offense Level for "Unlawfully Entering or
Remaining in the United States" is 8. The Court then
applied a sixteen-level enhancement under §
2L1.2(b)(1)(A), finding that the Defendant previously
was deported, or unlawfully remained in the United
States, after a conviction for a crime of
violence--second degree assault. The Defendant
received a three-level reduction for Acceptance of
Responsibility under §§ 3E1.1(a) and (b), resulting in
a Total Offense Level of 21.

The Court utilized the 2002 Guidelines at the
Defendant's May 21, 2003, Sentencing Hearing. Neither
the 2003 nor the 2004 Guidelines change the
calculations above. Accordingly, the "Offense Level"
variable considered by the Court in determining the
guideline range has not changed, or more specifically
has not lowered the sentencing guideline range.

Furthermore, the "Criminal History" variable has not
been modified. The Sentencing Guidelines have not
changed the number of points to be assigned to certain
kinds of previous offenses. Therefore, the Court finds
the Defendant's term of imprisonment is not based on a
sentencing range that has subsequently been lowered.

The Defendant referenced *Apprendi v. New Jersey*, 530

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2005 WL 1126840 (E.D.Wash.)
(Cite as: 2005 WL 1126840 (E.D.Wash.))

Page 2

U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington,* --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), **Booker** *v. United States,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Shepard v. United States,* --- U.S. ----, 125 S.Ct. 1254, --- L.Ed.2d ---- (2005). *Apprendi* was decided prior to this Defendant's sentence and was considered by the Court at sentencing. The other cases were decided by the Supreme Court following the Defendant's sentencing, however, the Court finds these cases do not apply to the Defendant's 18 U.S.C. § 3582(c)(2) motion. All of these cases were pronouncements of the United States Supreme Court and not the United States Sentencing Commission. *United States v. Green,* --- F.3d ----, 2005 WL 1060608 (10th Cir.2005); *United States v. Chappell,* --- F.Supp.2d ----, 2005 WL 806702, *1 n. 1 (D.Kan.2005)* (concluding there is no **Booker** relief under 18 U.S.C. § 2852(c)(2)); *United States v. McBride, 283 F.3d 612, 615-16 (3d Cir.2002)* (holding no *Apprendi*-premised § 3852(c)(2) relief); *Shafer v. United States, 2005 WL 850842 (D.Me.2005)*. Furthermore, **Booker** did not alter the rule that the Court is able to make determinations concerning the fact of a prior conviction for purposes of sentencing. For these reasons, the Defendant cannot seek a reduction of his term of imprisonment under 18 U.S.C. § 3852(c)(2). Accordingly, IT IS HEREBY ORDERED: Defendant's **Motion** to **Modify** and Correct **Sentence** Under 18 U.S.C. § 3582(c)(2), (Ct.Rec.31), is DENIED.

*2 IT IS SO ORDERED. The District Court Executive is directed to enter this Order and provide a copy to the Defendant and the Government.

2005 WL 1126840 (E.D.Wash.)


**Motions, Pleadings and Filings (Back to top)**

• 2:02CR00279 (Docket)
(Nov. 06, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.


**C**
Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
UNITED STATES OF AMERICA
v.
Robert DORSEY
**No. CRIM.A.93-495.**

April 11, 2005.
Nancy Beam Winter, U.S. Attorney's Office,
Philadelphia, PA, for United States Of America.

Robert Dorsey, Beaumont, TX, pro se.

*MEMORANDUM AND ORDER*

SANCHEZ, J.

*1 Robert Dorsey asks this Court to modify his term of imprisonment based on 18 U.S.C. § 3582(c)(2) and the retroactive application of *United States v. Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)*. The Government responds the Sentencing Commission has not lowered any guideline ranges applicable to Dorsey and *Booker* does not apply retroactively on a petition for collateral review. This Court agrees with the Government for the reasons that follow.

DISCUSSION

A jury convicted Dorsey on January 27, 1994 of possession of a firearm by a convicted felon. The late Judge Robert S. Gawthrop, III sentenced Dorsey to 293 months. The Third Circuit affirmed the conviction on February 27, 1995 and Dorsey subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Judge Gawthrop denied this motion and Dorsey, in response, filed a motion for relief from the court's order. Judge Gawthrop denied the motion for relief from the court's order and Dorsey

appealed. The Third Circuit construed Dorsey's appeal as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1). The Third Circuit denied Dorsey's request because he failed to make a substantial showing a constitutional right was denied.

More than eleven years after his conviction, Dorsey has now filed a Motion for Sentence Modification under 18 U.S.C. § 3582(c)(2). [FN1] Dorsey's motion, premised on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *United States v. Booker,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), argues his sentence was "imposed pursuant to an unconstitutional mandatory guidelines system, [and] his sentence is unconstitutional and should be vacated." Dorsey's motion has no merit.

> FN1. 18 U.S.C. § 3582(c)(2) provides:
> [T]he court may not modify a term of imprisonment once it has been imposed except that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. (emphasis added).

In *Booker,* the Supreme Court held the United States Sentencing Guidelines violate the Sixth Amendment. The Court determined a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed the statutory provision making the guidelines mandatory. *Booker,* 125 S.Ct. at 757 (excising 18 U.S.C. § 3553(b)(1) and stating the guidelines are advisory). In the wake of *Booker,* "district courts, while not bound to apply the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[g]uidelines, must consult those [g]uidelines and take them into account when sentencing." *Booker, 125 S.Ct. at 767*.

Contrary to Dorsey's contention, *Booker* does not support a 18 U.S.C. § 3582(c)(2) claim that the Sentencing Commission has subsequently lowered the sentencing range for Dorsey's crime. The Sentencing Commission has not lowered any sentencing range applicable to Dorsey and there have been no reductions in the offense level designation of Armed Career Criminal under U.S.S.G. § 4B1.4. Consequently, Dorsey is not entitled to relief under 18 U.S.C. § 3582(c)(2).

The courts of appeals that have ruled on whether *Booker* applies retroactively have unanimously held a defendant may not raise the *Booker* holding on a petition for collateral review and may not apply *Booker* retroactively. *McReynolds v. U.S.*, 397 F.3d 479 (7th Cir. Feb.2, 2005); *U.S. v. Price*, 400 F.3d 844 (10th Cir. Mar.8, 2005); *Humphress v. U.S.*, 398 F.3d 855 (6th Cir. Feb.25, 2005); *Varela v. U.S.*, 400 F.3d 864 (11th Cir. Feb.17, 2005); *Green v. U.S.*, 397 F.3d 101 (2d Cir. Feb.2, 2005). Despite these holdings, Dorsey seeks to apply *Booker* retroactively to his sentence and to incorporate the *Booker* holding into his 18 U.S.C. § 3582(c)(2) claim. Dorsey's arguments for sentence modification are without merit. Accordingly, we enter the following:

*ORDER*
**\*2** And now this 11th day of April, 2005, Defendant's Motion for Sentence Modification is DENIED.

2005 WL 906356 (E.D.Pa.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.